IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 10-40072-01 |
| BRANDON W. SIMMONS, ) | |
| Defendant. ) | |

## Memorandum and Order

This matter came before the court on the defendant's objections to the Presentence Report. The court orally addressed the objections at the sentencing hearing of March 7, 2011. This written memorandum will supplement the court's oral ruling.

1 & 2 - Defendant's first two objections argue that the "amount of loss" used to determine his offense level under the guidelines should not include any loss from football tickets, parking passes, and "Arrowhead Club" passes taken by other KU employees. The defendant says he did not receive any of these items and did not know anything about them.

Under Rule 32, the court need not make a ruling on a disputed matter that will not affect the sentencing. This particular objection would have no effect on the offense level or the applicable guideline range, and it will it not affect the sentence. Accordingly, the court need not rule on the disputed matter.

3. Defendant's third objection argues the Presentence Report should state that Mr. Simmons' cooperation and assistance allowed the investigation to move forward rapidly and that he provided valuable information to investigators.

The Court will deny this objection. Whether or not Mr. Simmons' information was important to the Government in its investigation or prosecution of others, is a matter largely for the Government to determine. The Presentence Report accurately sets forth Mr. Simmons' cooperation, including the fact that he provided a KU investigator with spread sheets showing all of the tickets that he received and sold through a broker. The Presentence Report adequately reflects Mr. Simmons' cooperation and it includes a reduction in his offense level based on his acceptance of responsibility.

4. Defendant's final objection concerns the special condition of Supervision that will require him obtain the approval of the probation officer before he incurs any new credit charges.

Given the financial nature of the crime, and the defendant's obligation to make restitution to the victim of the offense, the court finds this condition is appropriate, and the objection is denied.

*Conclusion*.

Defendant's objections to the Presentence Report are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this __8th__ Day of March, 2011, at Wichita, Ks.

    s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge